479 So.2d 874 (1985)
Melvin KATZ and Sonia Katz, Appellants,
v.
RICHARD PLUMER CO., d/b/a Richard Plumer Interior Design, Appellee.
No. 85-2091.
District Court of Appeal of Florida, Third District.
December 24, 1985.
Watson & Clark and Michael H. Davidson, Fort Lauderdale, for appellants.
McDermott, Will & Emery and Steven E. Siff, Miami, for appellee.
Before HENDRY, BASKIN and JORGENSON, JJ.
PER CURIAM.
Appellants, residents of Palm Beach County, were sued in Dade County by appellee, a Florida corporation with its principal place of business in Dade County. The complaint alleged a breach of contract by appellants for their failure to pay an amount claimed to be due and payable for goods and services provided by appellee. Appellants moved to transfer the venue of the action to Palm Beach County, alleging that Palm Beach County, their residence, was the situs of the contract and the location of the property upon which the contracted interior furnishing services were performed. The trial court denied the motion to transfer venue and appellants brought this appeal.
We find that no reversible error has been demonstrated, and affirm the order appealed on the authority of the well-settled principle of law expressed in M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla. 1st DCA 1961):
[W]here a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made. Where there is an express promise to pay, and no place of payment is stipulated, the debtor should seek the creditor unless otherwise provided or agreed.[1]
* * * * * *
The rule is uniformly applicable in determining the place where the cause of action accrues when the action is based upon a failure or refusal to pay money due one of the parties to an executed contract.
Accord Itel-Pas, Inc. v. Jones, 389 So.2d 1085 (Fla. 3d DCA 1980); Davis v. Dempsey, 343 So.2d 950 (Fla. 3d DCA 1977).
Affirmed.
NOTES
[1] Citing: Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).