481 So.2d 98 (1986)
Dennis A. HERMAN, Appellant,
v.
SUNSET COMMERCIAL BANK, Appellee.
No. 85-773.
District Court of Appeal of Florida, Third District.
January 7, 1986.
Fowler, White, Burnett, Hurley, Banick, Strickroot and A. Rodger Traynor, Jr., Miami, for appellant.
Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel and Kendall B. Coffey and Stevan J. Pardo, Miami, for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
We reverse the order which denied defendant's motion to dismiss and quash service of process on authority of Florida Rule of Civil Procedure 1.070 and Burger King Corp. v. Rudzewicz, ___ U.S. ___, ___, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528, 544-45 (1985). As a basis for long-arm jurisdiction, a pleading which alleges only that
Defendant ... is ... subject to the Court's personal jurisdiction for having failed to make payment in Florida as guarantor of a note in default, and thereby failing to perform acts required by the guaranty contract to be performed in this state....
is constitutionally infirm. See also Edwards v. Geosource, Inc., 473 So.2d 36 (Fla. 1st DCA 1985) (signing of promissory note as guarantors of obligations of Florida corporation insufficient minimum contacts to subject non-resident shareholders of corporation to jurisdiction of Florida court).
Reversed and remanded with instructions to dismiss.