544 So.2d 226 (1989)
Valerie L. GILBERT, Appellant,
v.
Robert J. HERNE, Appellee.
No. 88-665.
District Court of Appeal of Florida, Third District.
April 4, 1989.
Rehearing Denied June 28, 1989.
*227 Joseph T. Robinson, Miami, for appellant.
Barbara Green, Miami, for appellee.
Before NESBITT and FERGUSON, JJ., and LETTS, GAVIN K., Associate Judge.
NESBITT, Judge.
We have for review the dismissal of a complaint for lack of jurisdiction. We reverse.
Robert Herne, a resident of Maine, signed a promissory note in New Hampshire. The other party to the note, Valerie Gilbert, was also in New Hampshire at the time the note was executed. The consideration for the transaction was the sale of goods and property located in New Hampshire. In the note, Herne expressly promised to send payments to Gilbert in Florida, or wherever else she designated. After payments on the note halted, Gilbert filed a complaint in Dade County demanding payment of the note. Herne filed a motion to dismiss for lack of personal jurisdiction which was granted. The trial court's order foreclosed Gilbert's right to file an amended complaint in this jurisdiction but was "without prejudice to refiling in an appropriate jurisdiction." Gilbert's motion for rehearing was denied and this appeal followed.
Gilbert contends that Herne's failure to repay the note was a breach of contract within the meaning of section 48.193(1)(g), Florida Statutes (1987). We agree and reverse the judgment under review.
The failure of a nonresident who executes a promissory note to pay such note, which is payable within the state, is a "breach of contract in this state" within the meaning of section 48.193(1)(g). First Nat'l Bank v. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977); see also Moltz v. Seneca Balance, Inc., 606 F. Supp. 612 (S.D.Fla. 1985); Madax Inter. Corp. v. Delcher Inter. Moving, 342 So.2d 1082 (Fla.2d DCA 1977); Feldman v. Southeast Bank, 323 So.2d 628 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 41 (Fla. 1976). That section adds to the reach of "long arm" statutes, any person "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." § 48.193(1)(g), Fla. Stat. (1987).
Reviewing the terms of Gilbert and Herne's agreement requiring payment in Florida and considering the direct dealings which transpired between the parties, there is no question but that the connexity between Herne and Florida was neither "random," "fortuitous," nor "attenuated." See generally Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Businessman Herne most certainly should have reasonably anticipated being haled into a Florida court if he failed to pay Gilbert in Florida as they had agreed.
Gilbert did not have to establish that Herne had engaged in or carried on business in the state. See Engineered Storage Sys., Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982). We acknowledge that in Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla.3d DCA 1986), we determined that a pleading which alleged only a guarantor's failure to perform acts required by a guaranty contract to be performed in this state was constitutionally infirm. We find no inconsistency with our present holding and that of Herman. In the instant case, Gilbert's complaint established that Herne and Gilbert were actual parties to the agreement rather than distant third parties not appropriately apprised of contractual obligations being assumed. See Duke Power Co. v. *228 Hollifield, 471 So.2d 1365 (Fla. 1st DCA 1985). Herne should have been aware of the duty being undertaken and the ramifications of a failure to perform. The pleadings in Herman failed to provide that basic information.
Herne was subject to the jurisdiction of the courts of this state under section 48.193(1)(g). The trial court's dismissal of Gilbert's complaint for lack of personal jurisdiction was erroneous. Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.