542 So.2d 426 (1989)
PELLERITO FOODS, INC., a Michigan Corporation, Appellant,
v.
AMERICAN CONVEYORS CORPORATION, a Florida Corporation, Appellee.
No. 88-2627.
District Court of Appeal of Florida, Third District.
April 25, 1989.
*427 Lee Schulte and Murphy, P.A., and Peter H. Murphy, Jupiter, for appellant.
Ferdie and Gouz and Ainslee R. Ferdie, Coral Gables, and Lourdes Domingo Johnson, Miami, for appellee.
Before SCHWARTZ, C.J., JORGENSON, J., and JOHN G. FERRIS, Associate Judge.
JORGENSON, Judge.
Pellerito Foods appeals from an order denying its motion to dismiss for lack of in personam jurisdiction American Conveyor's action for breach of contract. We affirm.
American is a Florida corporation with its principal place of business in Dade County. Pellerito is a Michigan corporation with its principal place of business in Detroit. In 1987, Pellerito contacted American in Florida to negotiate the manufacture and installation of food processing equipment. Subsequent contract negotiations took place in Michigan. Pellerito's president traveled to Belle Glade, Florida, to view a processing plant in which American had installed equipment similar to that sought by Pellerito.
Both parties signed the sales contract in Michigan in May, 1987. The contract consisted of a series of invoices which identified American's place of business as Miami, Florida, provided that Pellerito was to pay American in Miami, Florida, and established that the interest rate was to be governed by the interest rate of a Florida bank. After the contract was signed, Pellerito's president returned to Florida to view American's plant. American proceeded to manufacture the equipment in Florida and deliver and install it in Michigan.
Disputes arose between the parties, who then entered into an "Equipment Sales Contract" in February, 1988. This second agreement was silent as to place of payment. Except for the initial deposit check and perhaps one other payment, all checks from Pellerito were sent directly to Dade County. All of Pellerito's payment checks to American were negotiated in Dade County. American failed to ship certain goods required under the contract; Pellerito directed its Michigan bank not to honor a check made out to American when it was presented for payment in Michigan.
American sued Pellerito in Dade County for breach of contract and failure to make payments on the open account and also sued on the dishonored instrument. The complaint alleged that Pellerito had submitted itself to jurisdiction in Florida under Florida's long-arm statute, section 48.193, Florida Statutes (1987).
Pellerito moved to dismiss the complaint on the grounds that American had not alleged the elements required by section 48.193, and that, even if properly pled, the contacts between Pellerito and the state of Florida were not sufficient to satisfy basic due process requirements.
Section 48.193 provides that:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural *428 person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
American pled that Pellerito had breached its contract in Florida by "failing to perform acts required by the contract to be performed in this state to wit: ... [t]he defendant was required to make payment in Dade County, Florida, and failed to do so... ." Although the 1988 contract did not specify place of payment, the series of invoices which comprised the 1987 contract clearly provided that payment was to be made in Florida. Moreover, "where a contract involves the payment of money and no place of payment is expressly agreed on, it may be implied that payment is to be made where the payee resides or has an established place of business, and where payment under the contract may be made." Katz v. Richard Plumer Co., 479 So.2d 874 (Fla. 3d DCA 1985) (quoting M.A. Kite Co. v. A.C. Samford, Inc., 130 So.2d 99, 101 (Fla. 1st DCA 1961)). Accord, Itel-Pas, Inc. v. Jones, 389 So.2d 1085 (Fla. 3d DCA 1980).
American alleged that payment was due in Dade County, Florida, and that Pellerito had breached the contract by failing to pay. Its complaint therefore met the pleading requirements of section 48.193. See Wynn v. Aetna Life Ins. Co., 400 So.2d 144 (Fla. 1st DCA 1981) (party seeking to exercise long-arm jurisdiction must allege sufficient jurisdictional facts to show that conduct alleged falls within actual language of long-arm statute).
Moreover, the allegations of the complaint and the averments in the affidavits filed by the parties in connection with Pellerito's motion to dismiss, reveal that Pellerito had sufficient minimum contacts with Florida to subject it to the jurisdiction of a Florida court.
The constitutional touchstone of the minimum contacts analysis is whether "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985) (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 568, 62 L.Ed.2d 490, 501 (1980)). In finding that a defendant should anticipate such litigation, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475, 105 S.Ct. at 2183, 85 L.Ed.2d at 542 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298 (1958)). The inquiry into whether a foreign defendant has invoked the benefits and protections of the laws of the forum State does not lend itself to a bright-line rule, but requires careful analysis of the facts of each case. "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing ... must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Burger King, 471 U.S. at 479, 105 S.Ct. at 2185, 85 L.Ed.2d at 545.
Pellerito was to make its payments to American in Florida. Where Florida is the designated place of payment pursuant to an agreement between a resident plaintiff and a nonresident defendant, that fact alone is a sufficient minimum contact. Gilbert v. Herne, 544 So.2d 226 (Fla. 3d DCA 1989); Engineered Storage Sys., Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982); Professional Patient Transp., Inc. v. Fink, 365 So.2d 209 (Fla. 3d DCA 1978).[1]
*429 Having Florida as the place of payment was but one of many contacts Pellerito had with this state. Pellerito's president initiated contact with American by a phone call to Miami and traveled twice to Florida to view American's plant and equipment. The contracts between the parties clearly identified American's place of business as Florida. Payments were sent to Florida; all checks from Pellerito to American were negotiated in Florida. The interest pursuant to the terms of the contract was to be determined by the interest rate of a Florida bank. American specially designed and manufactured the equipment in Florida for Pellerito and shipped it to Michigan. Pellerito thus purposefully established contacts with the Florida corporation and received ample notice from the documents and dealings with American that it might be subject to suit in Florida.
The trial court's denial of Pellerito's motion to dismiss was therefore proper, both under an analysis of the pleading requirements of section 48.193 and the due process requirements set forth in Burger King.
The order of the trial court is, accordingly, affirmed.
NOTES
[1] We recognize that this court has found "constitutionally infirm," for purposes of asserting long-arm jurisdiction, a pleading which alleged only that the defendant was subject to personal jurisdiction in Florida for failure to make payment, as guarantor, on a note which required payment in Florida. Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla. 3d DCA 1986); see also DeMetra Hontzas v. Kaufman, Rossin & Co., 513 So.2d 745 (Fla. 3d DCA 1987) (place of payment in Florida and agreement that Florida law governs insufficient to establish personal jurisdiction). We need not resolve this apparent conflict in the context of this case, as place of payment is not the linchpin of our holding that Pellerito is subject to the jurisdiction of a Florida court.