549 So.2d 1209 (1989)
Marshall SOROKWASZ, Appellant,
v.
Jay KAISER, Appellee.
No. 89-588.
District Court of Appeal of Florida, Third District.
October 17, 1989.
Carlton, Fields, Ward, Emmanuel, Smith & Cutler and Lacy R. Harwell, Jr., Tampa, for appellant.
Albert G. Caruana and Lawrence S. Gordon, Miami, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Appellant Sorokwasz, who was defendant below, appeals a summary judgment against him in an action on a guaranty. We affirm.
Sorokwasz initially asserts that there are insufficient minimum contacts to support the exercise of personal jurisdiction over him. Sorokwasz is a resident of Texas where he is an officer of International Western Oil Corporation. Sorokwasz solicited an investment by appellee Kaiser in Western, which was accomplished through correspondence and telephone calls directed to Kaiser in Florida. A guaranty, signed by Sorokwasz and others, was addressed to Kaiser in Florida; Kaiser put up a letter of credit for $46,000 at Southeast Bank in Florida; and Western eventually drew the full amount of the letter of credit. Kaiser demanded payment under the guarantee *1210 but the payment was not forthcoming. Kaiser brought suit and the trial court entered summary judgment in his favor.
Appellant argues that the facts just outlined are insufficient to establish the minimum contacts necessary for the exercise of long-arm jurisdiction. We disagree. "So long as a commercial actor's efforts are `purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528, 543 (1985). The contacts involved here cannot be deemed "random," "fortuitous," "attenuated," or the "unilateral activity of another party or a third person." Id. at 475, 105 S.Ct. at 2183, 85 L.Ed.2d at 542. The contacts involved in the present case significantly exceed those described in Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla. 3d DCA 1986); see Gilbert v. Herne, 544 So.2d 226, 227-28 (Fla. 3d DCA 1989).
Turning to the merits, we conclude that the agreement is, in fact, a personal guaranty on the part of Sorokwasz and there is therefore no occasion to resort to parol evidence for an interpretation of the agreement. See Central Nat'l Bank of Miami v. Muskat Corp. of America, 430 So.2d 957 (Fla. 3d DCA 1983). Under our decisions, where the place of payment is not specifically set forth in the agreement, it is deemed to be at the residence of the creditor, in this case, Florida. Engineered Storage Systems v. National Partitions & Interiors, Inc., 415 So.2d 114, 114-15 (Fla. 3d DCA 1982).
Sorokwasz also argues that certain payments to Kaiser had reduced the amount owed under the guaranty. The payments to which Sorokwasz' affidavit refers, however, were made in 1982 and 1983. The letter of credit at issue in the present case was not drawn against until 1986. Until that occurred, Kaiser incurred no expense under the letter of credit, and was not entitled to recover under the guaranty. There is no facial notation on the payment records connecting the 1982 and 1983 payments to Kaiser with the guaranty. The trial court correctly concluded that there was no disputed issue of material fact as to the amount owed under the guaranty.
Affirmed.