564 So.2d 590 (1990)
AM SAMPLING, INC., Etc., Appellant,
v.
WHITE LABORATORIES, INC., Appellee.
No. 89-2621.
District Court of Appeal of Florida, Fifth District.
July 26, 1990.
*591 Darryl M. Bloodworth of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for appellant.
R. Edward Cooley of Shepherd, McCabe & Cooley, Longwood, for appellee.
DAUKSCH, Judge.
This is an appeal of a non-final order in which the trial court denied the appellant's motion to dismiss the appellee's second amended complaint for lack of jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(i).
The appellee, a Florida corporation engaged in the business of marketing and selling consumer goods for retail distribution with its principal place of business in Orange County, Florida, sued the appellant for breach of contract. The appellee alleged that it had entered into a contract with the appellant on November 4, 1987 in Orange County, Florida and that it had signed the contract in Orange County. It sold its goods to the appellant under the terms of the contract at cost. The appellant thereafter allegedly breached the contract by failing to distribute those goods to consumers as provided in the contract and instead sold them to wholesalers and retailers for resale at retail or alternatively sold them to one or more diverters. The appellee alleged that the appellant knew or should have known that as a result of its actions, the appellee's normal customers would be able to purchase its goods at a price below that which it normally sold them.
The appellant filed a motion to dismiss. In an affidavit, its president denied that it had breached the contract in Florida by failing to perform acts required by the contract to be performed in Florida. He alleged that he had signed the contract in question in New York and that the contract attached to the appellee's complaint was not a true and complete copy of the original contract because it did not become legally binding until he had approved it in New York. He denied having ever travelled to Florida with regard to the contractual relationship between the parties. Attached to his affidavit was a copy of the contract with his signature.
The trial court granted the appellant's motion to dismiss or to quash for lack of personal jurisdiction. The appellee filed a second amended complaint in which it added the following paragraph to those allegations stated in its initial complaint:
4. Thereafter and pursuant to the contract, Plaintiff sold goods to Defendant, the price for said goods being at or about Plaintiff's cost. Said goods were shipped to Defendant in multiple shipments and Defendant made payment to payment for portions of said shipments said payments being made in Orange County, Florida through U.S. mail with Defendant mailing to Plaintiff in Orange *592 County, Florida the payment for said invoices. There presently remains unpaid two invoices copies of which are attached hereto as Exhibit "B". Payment for said invoices was due in Orange County, Florida.
The appellant again filed a motion to dismiss. The court found the allegations in the appellee's second amended complaint sufficient to show that it had jurisdiction over the appellant in accordance with sections 48.193(1)(a) and (1)(g), Florida Statutes (1987). These sections provide:
48.193 Acts subjecting person to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
* * * * * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
We reverse. In order to obtain in personam jurisdiction over a nonresident defendant, the plaintiff must plead sufficient facts from which the court may exercise its jurisdiction. Cosmopolitan Health Spa, Inc. v. Health Indus's, Inc., 362 So.2d 367 (Fla. 4th DCA 1978). See also Harris v. Caribank, 536 So.2d 394 (Fla. 4th DCA 1989). In order to guarantee compliance with due process requirements, the statutory jurisdictional provision at issue must be strictly construed. Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963). See also Cosmopolitan Health Spa, Inc.; Dublin Co. v. Peninsular Supply Co., 309 So.2d 207 (Fla. 4th DCA 1975); Youngblood v. Citrus Ass's of New York Cotton Exchange, Inc., 276 So.2d 505 (Fla. 4th DCA), cert. den., 285 So.2d 26 (Fla. 1973).
The trial court in the present case relied on Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the court in that case held that the defendant had purposefully availed himself of Florida's laws' benefits and protections, it recognized a continued split among lower courts regarding the issue of whether and to what extent a contract is a contact sufficient to confer jurisdiction over its parties. It stated:
... If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.
Burger King Corp., 105 S.Ct. at 2185. The fact that a Florida resident has contracted with a nonresident is insufficient in and of itself to establish automatically the minimum contacts necessary to confer personal jurisdiction on the nonresident.
It is apparent from the allegations in the appellee's second amended complaint that the only contact the appellant has ever had with Florida as a result of its contractual relationship with the appellee is that it has paid for those goods shipped to it by mailing a check to the appellee in Florida. The Supreme Court of Florida recently stated that the mere failure to pay money in Florida, standing alone, is insufficient to obtain jurisdiction over a nonresident defendant. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989). Without more, the appellee's allegations are legally insufficient to sustain the Orange County Court's exercise of personal jurisdiction over the appellant.
REVERSED.
COBB and PETERSON, JJ., concur.