580 So.2d 646 (1991)
FLEMING & WEISS, P.C., Appellant,
v.
FIRST AMERICAN TITLE INSURANCE COMPANY, et al., Appellees.
No. 90-2012.
District Court of Appeal of Florida, Third District.
April 2, 1991.
Rehearing Denied July 3, 1991.
*647 Stephens, Lynn, Klein & Nicholas, P.A., and Philip D. Parrish and Robert M. Klein, for appellant.
Kirkpatrick & Lockhart, and Warren R. Trazenfeld and Gregg J. Breitbart, for appellees.
Before NESBITT, BASKIN and JORGENSON, JJ.
PER CURIAM.
Fleming & Weiss, P.C. (Fleming) appeals from a nonfinal order finding personal jurisdiction over Fleming. For the following reasons, we reverse.
Fleming, a New York law firm, was retained by Sunset Cove, a New York limited partnership, to render an opinion to First Nationwide Bank in Dade County on the legality, under New York law, of a subordination agreement which the bank and Sunset Cove were to enter into as part of a mortgage agreement.[1] The bank sent the necessary closing documents and the subordination agreement to Fleming in New York for review. Fleming issued an opinion letter to the bank's attorney in Dade County stating that the subordination agreement did not violate New York law.[2] The only other correspondence Fleming had with the bank was a letter informing it that the bank's Florida attorneys were authorized, subject to approval by Fleming, to make changes in the opinion letter.
The bank alleged that Fleming's legal opinion was erroneous and through its insurer, First American Title Insurance, filed suit against Fleming in Florida. The bank's amended complaint alleges jurisdiction over Fleming pursuant to sections 48.193(1)(a) and (b), Florida Statutes (1989).[3] Fleming moved to dismiss the suit alleging lack of personal jurisdiction. The trial court denied the motion.
To render a nonresident defendant subject to jurisdiction in a Florida court, the statutory requirements of the long-arm statute and the minimum contacts requirement must be met. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). Appellees have alleged sufficient facts to invoke section 48.193(1)(b) of Florida's long-arm statute. See Lee B. Stern & Co. v. Green, 398 So.2d 918 (Fla. 3d DCA 1981) (where there was affirmative wrongful act within forum, place of injury is location of tortious act for purposes of long-arm jurisdiction). However, the record fails to establish that Fleming had the requisite minimum contacts with Florida necessary to subject it to the jurisdiction of a Florida court. See Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla. 3d DCA 1989) (constitutional touchstone of minimum contacts analysis is whether defendant's conduct and connection with forum are such that he should reasonably anticipate being haled into Florida court). Fleming was a New York law firm retained by a New York client to render a legal opinion pursuant to New York law. Fleming did not solicit business in Florida, maintained no agent or property in Florida, and stated in its opinion letter that, because Fleming was not *648 licensed to practice law in any other state, the opinion was based solely on New York law. Given these facts, we cannot conclude that Fleming could reasonably anticipate being haled into a Florida court should damages result. See Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110 (11th Cir.1990) (foreign bank's contacts with Florida which arose out of foreign bank's foreign customer's request to open letter of credit insufficient under fourteenth amendment to establish personal jurisdiction even where bank official travelled to Florida on behalf of bank). A contrary finding would subject out-of-state attorneys who are not even licensed to practice law in this state to actions for negligence in Florida.
Accordingly, we conclude that the trial court lacked jurisdiction over Fleming and erred in denying Fleming's motion to dismiss for lack of personal jurisdiction.
Reversed and remanded for further consistent proceedings.
BASKIN and JORGENSON, JJ., concur.
NESBITT, Judge (dissenting):
I must respectfully dissent because there are sufficient minimum contacts between Fleming and Florida to submit Fleming to the jurisdiction of a Florida court. The underlying transaction involved in this case concerns Florida land. In relation to that land transaction, Fleming delivered its legal opinion into Florida for use by the Florida bank, knowing and expecting that its work product would be used by the bank in transacting the Florida land loan. By its conduct, the firm's contacts with Florida were such that it could reasonably anticipate being haled into a Florida court should damages occur as a result of a negligently rendered legal opinion. The fact that Fleming is not licensed to practice law in Florida cannot be controlling because of the firm's purposeful actions within the state. Based on the foregoing, Florida clearly has a legitimate and reasonable interest in providing a forum for the suit. Consequently, any hardship Fleming might suffer from having to defend the suit here does not rise to the level of a denial of due process. See Lacy v. Force V Corp., 403 So.2d 1050 (Fla. 1st DCA 1981), and cases cited therein.
Accordingly, I would affirm.
NOTES
[1] Sunset Cove also retained a Florida law firm to provide a legal opinion on the subordination agreement under Florida law. The Florida law firm issued the title insurance policy on behalf of the appellees.
[2] Paragraph four of the opinion letter indicates that Fleming acted as special New York counsel for the borrower and for Turner Properties, Inc., a New York corporation.
[3] Under subsection (a), exercise of jurisdiction over a foreign defendant is proper where the defendant directly, or through an agent, operates, conducts, or carries on a business venture in this state. Under subsection (b), exercise of jurisdiction over a foreign defendant is proper where the defendant "commits a tortious act within this state."