598 So.2d 214 (1992)
Raymond E. HATCHER, Sr., Appellant,
v.
Florita A. HATCHER, Appellee.
No. 91-03096.
District Court of Appeal of Florida, Second District.
May 6, 1992.
Alan Silverstein and Chris Mancini, Miami, for appellant.
Emmett Abdoney and Mark Wolfe of Emmett Abdoney, P.A., Tampa, for appellee.
LEHAN, Judge.
We reverse the denial of defendant's motion to dismiss for lack of personal jurisdiction.
This is a suit for breach of an alleged oral contract made by plaintiff in Florida with defendant, an Alaska resident. It is alleged that in the contract defendant agreed to come back to Florida and endorse in favor of plaintiff an insurance check which was to be mailed to defendant at a Florida address. The check (which was actually mailed by the insurer to defendant in Alaska and cashed by him there) was to represent proceeds of insurance on the life of the insured, who was defendant's son and plaintiff's husband. At the time the alleged contract was made, defendant had come from Alaska to Florida for his son's funeral.
Section 48.193(1)(g), Florida Statutes (1991), provides for Florida jurisdiction over a person not a resident of Florida under a cause of action arising from that person "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." If those statutory provisions by themselves were enough to justify Florida jurisdiction, we would affirm. But they are not. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla. 1989). To satisfy due process considerations there must additionally be "minimum contacts with [Florida] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Id.
Especially in the noncommercial setting of this case we do not conclude that minimum contacts existed "such that [defendant] *215 should reasonably anticipate being haled into court" in Florida. Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)). The "quality and nature" of the transaction alleged in this case was, with respect to Florida, "so `random,' `fortuitous,' or `attenuated' that it cannot fairly be said that the potential defendant `should [have] reasonably anticipate[d] being haled into court' in another jurisdiction," i.e., Florida. 554 So.2d at 501.
The essence of the complaint is that defendant, by failing to endorse the check in Florida, failed to pay plaintiff money in Florida. But, as the supreme court said in Venetian Salami, "[W]e do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant." 554 So.2d at 503. There were in this case, in contrast to the situation in Venetian Salami, no additional facts alleged to show that defendant engaged in purposeful conduct in Florida that would meet the requirement that "in each case ... there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298 (1958). See also Segal v. Russell, 553 So.2d 346 (Fla. 4th DCA 1989). Certainly "[i]t ... cannot be said that appellant has sought a commercial benefit from solicitation of business from a resident of [Florida]." Kulko v. California Superior Court, 436 U.S. 84, 97, 98 S.Ct. 1690, 1699, 56 L.Ed.2d 132, 144 (1978).
That the complaint additionally alleges that in consideration for defendant's foregoing alleged promise plaintiff agreed to pay defendant's plane fare between Alaska and Florida and to allow defendant to visit his grandson in Florida does not convert the allegations of defendant's conduct into the types of conduct described above which is necessary to invoke Florida jurisdiction over a nonresident. Nor for the same reason do we conclude that whether plaintiff is actually a resident of Florida, and was a resident of Florida at the time of the alleged contract, as she argues, or whether plaintiff was a resident of Georgia and came to Florida, the home of decedent's mother and defendant's ex-wife, for her husband's funeral at the time of the alleged contract, as defendant argues, is determinative.
Reversed and remanded for the dismissal of the complaint.
RYDER, A.C.J., and BLUE, J., concur.