PER CURIAM.
The defendants, KFD Aviation, Inc. [KFD] and Bariven Corporation [Bariven], appeal from a non-final order denying their amended motion to dismiss for lack of personal jurisdiction. We affirm in part, reverse in part and remand for further proceedings.
We affirm as to KFD since the plaintiff’s complaint alleges a sufficient jurisdictional basis to comply with Florida’s long-arm statute and KFD has had sufficient minimum contacts with the State of Florida. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Ben M. Hogan Co., Inc. v. QDA Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990).
We reverse as to Bariven since it lacked sufficient minimum contacts with Florida, and therefore, maintenance of suit in this state would “offend traditional notions of *728 fair play and substantial justice. Venetian Salami, 554 So.2d at 500 (citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Since we have determined that Bariven lacked sufficient minimum contacts with Florida, we do not need to address whether the complaint alleges sufficient jurisdictional facts to comply with this state’s long-arm statute.
Reversed in part, affirmed in part and remanded for further proceedings consistent with this opinion.