615 So.2d 249 (1993)
PAYLESS DRUG STORES NORTHWEST, INC., Appellant,
v.
INNOVATIVE CLOTHING EXCHANGE, INC., Appellee.
No. 92-1379.
District Court of Appeal of Florida, Third District.
March 9, 1993.
*250 Steel Hector & Davis, Brian J. Stack and Reinaldo DelCastillo, Miami, for appellant.
Stuart I. Levin and Mercedes S. Mendoza, Miami, for appellee.
Before BASKIN, COPE and GERSTEN, JJ.
COPE, Judge.
Payless Drug Stores Northwest, Inc., appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
Appellee Innovative Clothing Exchange, Inc., filed a complaint against Payless for account stated, goods sold, open account, and unjust enrichment. Plaintiff alleged that it had sold clothing to Payless and Payless had not paid the amount due.
Payless moved to dismiss for want of personal jurisdiction. As revealed in the affidavits of the parties, Payless does business in several western states, and does not have a presence in, or do business in, Florida. Payless learned of Innovative's products on a buying trip to New York City. The products were introduced to Payless by a New York manufacturer's representative. The manufacturer's representative provided samples to Payless.
On March 9, 1989 Payless placed two orders for goods with Innovative in Miami, one for shipment to a California location and the other for shipment to an Oregon location. The goods were shipped from Miami and payment was to be made in Miami. Payless does not otherwise solicit orders, advertise in, or have contact with, the State of Florida.
Payless asserted that the foregoing facts are insufficient to establish minimum contacts with Florida so as to support long-arm jurisdiction here. The trial court disagreed and denied the motion to dismiss. Payless has appealed.
Payless' contacts with Florida boil down to the placement of two orders in Miami on March 9, 1989, with payment thereafter due to be made in Miami. Such isolated contact is not sufficient to establish minimum contacts with Florida so as to allow Payless to be sued in Florida. The Supreme Court stated in Burger King Corporation v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), "If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot." 471 U.S. at 478, 105 S.Ct. at 2185 (emphasis in original).
More recently the Florida Supreme Court stated in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989), "we do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant." Id. at 503 (citation and footnote omitted).[1]
Innovative relies primarily on a statement in dictum in Pellerito Foods, Inc. v. American Conveyors Corporation, 542 So.2d 426 (Fla. 3d DCA 1989) that "[w]here *251 Florida is the designated place of payment pursuant to an agreement between a resident plaintiff and a nonresident defendant, that fact alone is a sufficient minimum contact." Id. at 428 (citations omitted). The just quoted Pellerito dictum is no longer good law after Venetian Salami.[2] Innovative also relies on Sorokwasz v. Kaiser, 549 So.2d 1209 (Fla. 3d DCA 1989). That case involved substantially greater contact between the Texas defendant and Florida plaintiff than the contact involved in the present case.
The order under review is reversed and the cause remanded with directions to dismiss the action without prejudice to plaintiff to refile in an appropriate jurisdiction.
NOTES
[1] In Venetian Salami the court held that the Florida long-arm statute "extends only to the limits of the due process clause." Id. 554 So.2d at 503 n. 2 (citation omitted).
[2] The quoted passage from Pellerito cited as authority, inter alia, Engineered Storage Systems, Inc. v. National Partitions & Interiors, Inc., 415 So.2d 114 (Fla. 3d DCA 1982). Engineered Storage Systems was expressly disapproved in Venetian Salami. 554 So.2d at 503.