627 So.2d 529 (1993)
ALAN RICHARD TEXTILES, LTD., a New York corporation, Appellant,
v.
VERTILUX, INC., a Florida corporation, Appellee.
No. 93-1359.
District Court of Appeal of Florida, Third District.
November 2, 1993.
Rehearing Denied January 5, 1994.
Hollander & Bartelstone and Ted H. Bartelstone, Miami, for appellant.
Kris E. Penzell, Miami, for appellee.
Before JORGENSON, LEVY and GODERICH, JJ.
PER CURIAM.
The defendant, Alan Richard Textiles, Ltd. [Alan Richard], appeals from a non-final order denying its motion to dismiss for lack of personal jurisdiction. We reverse.
Vertilux filed an amended complaint against Alan Richard for account stated, *530 goods sold, and unjust enrichment. Vertilux alleged that it sold goods to Alan Richard and Alan Richard failed to pay for the goods.
Alan Richard moved to dismiss the complaint for lack of jurisdiction. As revealed by the affidavits of the parties, Alan Richard, a New York corporation, is a wholesale distributor of window covering supplies with its sole business office in New York. Alan Richard does not have any agents or employees in Florida, nor does it engage in any business activity or solicit any business in Florida. Alan Richard does not maintain nor has it ever maintained any bank account, post office box, telephone or mail drops in Florida.
In January, 1991, a representative of Vertilux, Inc., a Florida corporation, visited Alan Richard in New York and suggested that Alan Richard distribute Vertilux fabrics in the northeast. Vertilux faxed a credit application and guaranty to Alan Richard in New York. After receipt of these documents, Vertilux and Alan Richard began doing business whereby Alan Richard would order products by telephone or fax for shipment to Alan Richard in New York. Vertilux provided an 800 telephone number for use by its customers. The invoices used by Vertilux provide that "all payments advance payment or C.O.D. only." Alan Richard could pay for the goods by sending a check to Vertilux in Miami or by paying the delivery person in New York.
Alan Richard asserted that it did not have sufficient minimum contacts with Florida so as to support long-arm jurisdiction in Florida. Initially, the trial court granted the motion to dismiss the amended complaint. Then, the trial court granted Vertilux's motion for rehearing and found it had in personam jurisdiction over Alan Richard. Alan Richard appealed.
Alan Richard does not have a presence in, or do business in, Florida. The fact that Alan Richard ordered goods from a Florida corporation is not sufficient to establish minimum contacts with Florida so as to allow Alan Richard to be sued in Florida. In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court found that a contract alone was not sufficient to establish minimum contacts with the forum state so as to allow the out-of-state party to be sued in the forum state.
Moreover, nonpayment of a debt in Florida alone is not a sufficient minimum contact to sustain personal jurisdiction. "[T]he mere failure to pay money in Florida, standing alone, would [not] suffice to obtain jurisdiction over a nonresident defendant." Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249, 250 (Fla. 3d DCA 1993) (quoting Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989)). For the foregoing reasons, the order under review is reversed and the cause remanded with directions to the trial court to dismiss the action without prejudice to Vertilux to refile in an appropriate jurisdiction.