645 So.2d 142 (1994)
O'BRIEN GLASS COMPANY, a foreign corporation, Appellant,
v.
MIAMI WALL SYSTEMS, INC., Appellee.
No. 94-1590.
District Court of Appeal of Florida, Third District.
November 16, 1994.
*143 Lyons and Farrar and Charles O. Farrar, Jr., Coral Gables, for appellant.
Conroy, Simberg & Lewis and Robert I. Buchsbaum and J.D. Skip Bardfeld, Hollywood, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
LEVY, Judge.
An out of state corporation appeals a trial court order denying its motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Because we conclude that the appellant lacks the requisite minimum contacts to be sued in Florida, we reverse.
O'Brien Glass Company (O'Brien) is a foreign corporation organized under the laws of, and maintaining its principal place of business in, the State of Illinois. O'Brien is not licensed or authorized to do business in Florida. Miami Wall Systems, Inc. (Miami Wall), a Florida corporation, submitted a quote to manufacture windows and other materials for one of O'Brien's construction projects taking place in Urbana, Illinois. O'Brien accepted Miami Wall's quote by sending a purchase order for the windows and other materials to Miami Wall at its place of business in Hialeah, Florida. While awaiting the delivery of its first order, O'Brien placed a separate order from Miami Wall for aluminum grills to be used in the same construction project in Illinois. O'Brien accepted and paid for these grills. However, after receiving and inspecting Miami Wall's shipment of windows, O'Brien notified Miami Wall that the windows were defective because they did not meet the required specifications. Miami Wall insisted that the windows were not defective, and therefore refused to cure the alleged defect. As a result, O'Brien refused to pay for the goods.
Consequently, Miami Wall filed a complaint against O'Brien in the Dade Circuit Court to enforce payment of the contract. In response, O'Brien filed a motion to dismiss and quash service for lack of personal jurisdiction, claiming that it did not have sufficient minimum contacts with Florida so as to be sued in Florida. Both parties submitted memoranda and affidavits to support their positions. Following argument on the motion, the trial court denied O'Brien's motion to dismiss. O'Brien now appeals the trial court's non-final order. See Fla. R.App.P. 9.130(a)(3)(C)(i).
In order to sustain personal jurisdiction over a nonresident defendant in Florida, a defendant must perform one of the acts enumerated in the Florida long-arm statute and must also have sufficient minimum contacts with Florida so as to satisfy the due process clause requirement. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla. 1989); see also Citicorp Ins. Brokers (Marine), Ltd. v. Charman, 635 So.2d 79, 80 (Fla. 1st DCA 1994); Klein v. Federated Builders, Inc., 616 So.2d 623, 624 (Fla. 4th DCA 1993); KFD Aviation, Inc. v. Knight Aero Corp., 612 So.2d 727, 727 (Fla. 3d DCA 1993); Hatcher v. Hatcher, 598 So.2d 214, 214 (Fla. 2d DCA 1992); Fleming & Weiss, P.C. v. First Am. Title Ins. Co., 580 So.2d 646, 647 (Fla. 3d DCA 1991). The record reflects that O'Brien does not have sufficient minimum contacts with Florida so as to satisfy the minimum contacts due process requirement *144 and therefore cannot be sued here.[1]
Some facts are undisputed. First, O'Brien and Miami Wall exchanged several phone calls while negotiating and executing their contract, resulting in O'Brien placing two separate orders for building materials from Miami Wall. Miami Wall shipped the goods to O'Brien, in Illinois, pursuant to a shipment contract. O'Brien has not had any other contacts with Florida. Clearly, O'Brien does not itself, enjoy a corporate presence in Florida and has neither solicited nor conducted any of its business in Florida. The foregoing facts merely demonstrate that an out of state corporation (O'Brien), which does not conduct its business in Florida, purchased some goods from a corporation (Miami Wall) which does conduct business in Florida.
The mere fact that O'Brien ordered goods from a Florida corporation does not render it amenable to suit in Florida. Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530 (Fla. 3d DCA 1993) (holding that the act of ordering goods from a Florida corporation was insufficient to establish minimum contacts); see also Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249 (Fla. 3d DCA 1993) (holding that a nonresident clothing purchaser whose sole contacts with Florida consisted of placing two orders in Miami, with payment thereafter to be made in Miami, did not have sufficient minimum contacts with Florida so as to allow the resident clothing seller to bring suit in Florida for nonpayment). Moreover, "a contract alone is not sufficient to establish minimum contacts with the forum state so as to allow an out-of-state party to be sued in the forum state." Alan Richard Textiles, 627 So.2d at 530 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)); see also Payless Drug Stores, 615 So.2d at 250.
Since it is not clear from the record whether the parties reached any agreement as to where O'Brien was to make payment for the windows and other materials, the law requires us to presume that payment is to be made where the payee resides. See Sorokwasz v. Kaiser, 549 So.2d 1209 (Fla. 3d DCA 1989); Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla. 3d DCA 1989), disapproved of on other grounds by, Payless Drug Stores, 615 So.2d at 251; Katz v. Richard Plumer Co., 479 So.2d 874 (Fla. 3d DCA 1985). Thus, we must assume that O'Brien had a responsibility to send payment for the goods to Hialeah, Florida, where Miami Wall has its principal place of business. However, the fact that payment was due in Florida, is not a "sufficient minimum contact" to sustain personal jurisdiction. "[T]he mere failure to pay money in Florida, standing alone, will not suffice to obtain jurisdiction over a nonresident defendant." Venetian Salami, 554 So.2d at 503; Alan Richard Textiles, 627 So.2d at 530; Payless Drug Stores, 615 So.2d at 250.
Consequently, for the foregoing reasons, we reverse the trial court's order and remand with instructions to grant O'Brien's motion to dismiss for lack of personal jurisdiction.
Reversed and remanded with instructions.
NOTES
[1] O'Brien does not contend that it did not commit one of the enumerated acts listed in the long-arm statute, and therefore we will not address that issue.