698 So.2d 1368 (1997)
Jose Emilio BRUZZONE ROLDOS, Appellant,
v.
AMERICARGO LINES, INC., Appellee.
No. 97-27.
District Court of Appeal of Florida, Third District.
September 17, 1997.
*1369 Steel Hector & Davis and Edwin G. Torres, Miami, for appellant.
Fleitas & Bujan and Jesus F. Bujan, Miami, for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
PER CURIAM.
The defendant, Jose Emilio Bruzzone Roldos, appeals from a non-final order denying his motion to dismiss based on lack of personal jurisdiction and forum non conveniens. We reverse.
In the underlying case, Jose Emilio Bruzzone Roldos, an Ecuadorian citizen, entered into an oral agreement with Americargo Lines, Inc. [Americargo], a Florida corporation, for the purchase and shipment of frozen meats to Ecuador. Americargo brought suit against Bruzzone alleging that he had failed to pay for a portion of these shipments. Bruzzone moved to dismiss the suit based on lack of personal jurisdiction and forum non conveniens. After conducting an evidentiary hearing, the trial court denied the motion. Bruzzone's appeal follows.
Bruzzone contends that, as a nonresident defendant, he lacks sufficient minimum contacts with Florida so as to confer personal jurisdiction. We agree.
"In order to sustain personal jurisdiction over a nonresident defendant in Florida, a defendant must perform one of the acts enumerated in the Florida long-arm statute and must also have sufficient minimum contacts with Florida so as to satisfy the due process clause requirement." O'Brien Glass Co. v. Miami Wall Systems, Inc., 645 So.2d 142, 143 (Fla. 3d DCA 1994)(emphasis in original)(citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989)). "In Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Supreme Court found that a contract alone was not sufficient to establish minimum contacts with the forum state so as to allow the out-of-state party to be sued in the forum state." Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530 (Fla. 3d DCA 1993). Consequently, this Court has consistently found that the mere purchase of goods within the State of Florida by a nonresident, without more, is insufficient to satisfy the due process requirement of minimum contacts. Marsh Supermarkets, Inc. v. Queen's Flowers Corp., 696 So.2d 1207, 1209 (Fla. 3d DCA 1997)(holding that nonresident defendant's purchases from Florida vendor and alleged failure to make payments in Florida were insufficient to establish minimum contacts with Florida); O'Brien Glass, 645 So.2d at 144 (holding that Illinois corporation that purchased goods from Florida manufacturer lacked sufficient minimum contacts with Florida where purchaser did not conduct business in Florida and only contact was that payment was due in Florida); Alan Richard Textiles, 627 So.2d at 530 (holding that New York corporation that regularly ordered goods from Florida corporation lacked sufficient minimum contacts with Florida where purchaser did not have presence in, or do business, in Florida); Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249, 250 (Fla. 3d DCA 1993)(holding that nonresident buyer that placed two orders in Florida and arranged for payment to be due in Florida did not have sufficient minimum contacts with Florida). Additionally, Florida courts have also repeatedly held that the nonpayment of a debt that is due in Florida, without more, is not a sufficient minimum contact to sustain *1370 personal jurisdiction. Venetian Salami, 554 So.2d at 503; O'Brien Glass, 645 So.2d at 144; Alan Richard Textiles, 627 So.2d at 530; Payless Drug Stores, 615 So.2d at 250-51.
In the instant case, the undisputed facts show that the nonresident defendant, Bruzzone, purchased goods at regular intervals from Americargo and that Americargo shipped them to Ecuador. Although the parties disagree as to where payment was due, the evidence shows that payments were consistently made in Miami through a corresponding bank account. Based on the foregoing authority, we find that this, without more, is insufficient to satisfy the due process requirement of minimum contacts so as to confer personal jurisdiction. Accordingly, we reverse the order under review.
Because this issue is dispositive, we do not address the other issue raised by the appellant.
Reversed.