769 So.2d 1128 (2000)
deMCO TECHNOLOGIES, INC. and Lon A. deMink, Appellants,
v.
C.S. ENGINEERED CASTINGS, INC., Appellee.
No. 3D99-3001.
District Court of Appeal of Florida, Third District.
October 18, 2000.
*1129 Stack, Fernandez, Anderson, Harris & Wallace, P.A. and Brian J. Stack, Miami, for appellants.
Levey & Associates, P.A., and Lewis J. Levey, and Allison L. Friedman, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and JORGENSON, and GREEN, JJ.
GREEN, Judge.
Appellants deMco Technologies, Inc. ("deMco") and Lon A. deMink, defendants below, appeal a non-final order denying their motion to dismiss this action for lack of personal jurisdiction. We reverse for the reasons which follow.
Appellee, C.S. Engineered Castings, Inc. ("C.S.Engineered"), a Florida corporation, instituted this suit against deMco, a Michigan manufacturer of traffic control signals and its owner/president, deMink, also a Michigan resident, for their failure to make payment on a consolidated promissory note totaling $75,000. DeMink executed this note in Michigan as president and majority shareholder of deMco. Additionally, in his individual capacity, deMink guaranteed full payment and performance of the note jointly and severally with deMco. The note provided that its provisions were to be construed in accordance with the laws of the state of Florida.
According to the allegations contained in the amended complaint, venue and jurisdiction were vested in the lower court pursuant to section 48.193, Fla. Stat. (1997) by virtue of the appellants' breach of contract in failing to pay C.S. Engineered the amounts due under the promissory note and guaranty in Florida. It was further alleged that the appellants violated section 48.193(1)(a) by operating, conducting, engaging in and carrying on a business venture in the state of Florida, namely by marketing and selling the traffic control devices to various governmental entities within the state.
In response, the appellants moved to dismiss the amended complaint for lack of personal jurisdiction with an accompanying affidavit, on the grounds that: (1) they were Michigan residents with no offices, assets, employees or real property located within the state of Florida; (2) although various Florida governmental authorities certified deMco's equipment and deMco made sporadic sales of traffic control signals in Florida, these "contacts" were not related to or causally connected in anyway to the instant breach of contract action and were thus irrelevant for the purpose of alleging "specific jurisdiction" in the proceeding below; (3) the promissory note upon which this suit is based, was executed in Michigan and should therefore be enforced in Michigan as the mere failure to pay money in Florida is insufficient to force an out-of-state defendant to defend a suit in Florida; and (4) the fact that the note contained a choice of the laws provision was insufficient in itself to confer personal jurisdiction over them. The trial court denied this motion after a hearing and this appeal followed.
The requisite basis of the Florida courts' exercise of personal jurisdiction over a non-resident defendant, lies in meeting the imperatives of a two-pronged test: (1) The defendant must satisfy the statutory requirements of Florida's long-arm statute, section 48.193, and (2) the defendant must meet the constitutional due process requirement of showing minimum contacts with the state of Florida. Florida's long-arm statute, section 48.193 allows, among other things, a Florida court to acquire personal jurisdiction over a nonresident defendant in Florida for that defendant's breach of a contract in Florida. *1130 See § 48.193(1)(g), Fla. Stat.[1] Although breaching a contract in Florida brings a non-resident defendant within reach of its courts, in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), it was recognized that the "minimum contacts" requirement, for purposes of due process, are not embodied within Florida's long-arm jurisdiction statute. Id. at 500-01. See also Marsh Supermarkets, Inc. v. Queen's Flowers Corp., 696 So.2d 1207, 1208 (Fla. 3d DCA 1997) (stating that "in determining whether [personal] jurisdiction lies over a [non-resident] defendant, courts must determine whether there has been compliance with both Florida's long-arm statute and the constitutional due process test of minimum contacts."). Even when a court finds minimum contacts, they alone are not sufficient to support jurisdiction. Other factors will be weighed to assure that the exercise of jurisdiction would comport with fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
The appellants concede that their alleged failure to make payments on the promissory note in Florida is sufficient to subject them to the jurisdiction of the court, pursuant to section 48.193(1)(g) of Florida's long-arm statute, but deny that the constitutional requirement of the two-pronged test has been met. Appellants argue that neither of them have sufficient minimum contacts in Florida, thus the maintenance of this suit offends "traditional notions of fair play and substantial justice." See Venetian Salami, 554 So.2d at 502. Simply put, appellants maintain that their mere failure to repay this note in Florida is insufficient to comport with the constitutional due process requirements. We agree.
Since Venetian Salami, Florida courts have repeatedly found the nonpayment of a debt, whether pursuant to the terms of a promissory note or for the purchase of goods, without more, to be insufficient to sustain personal jurisdiction over a nonresident defendant. See Blankenship v. Interim Servs., Inc., 700 So.2d 429, 432 (Fla. 3d DCA 1997) (failure to pay under the terms of a license, franchise and loan agreement); Bruzzone Roldos v. Americargo Lines, Inc., 698 So.2d 1368, 1369-70 (Fla. 3d DCA 1997) (failure to pay for frozen meat); Marsh Supermarkets, 696 So.2d 1207 (Fla. 3d DCA 1997) (failure to pay for flowers); O'Brien Glass Co. v. Miami Wall Sys., Inc., 645 So.2d 142, 143 (Fla. 3d DCA 1994) (failure to pay for construction materials); Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530 (Fla. 3d DCA 1993) (failure to pay pursuant to the terms of a credit agreement/guaranty); Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exch., Inc., 615 So.2d 249, 250 (Fla. 3d DCA 1993) (failure to pay for clothing); Hatcher v. Hatcher, 598 So.2d 214 (Fla. 2d DCA 1992) (failure to pay pursuant to oral agreement). See also AM Sampling, Inc. v. White Lab., Inc., 564 So.2d 590, 592 (Fla. 5th DCA 1990) (holding that "[t]he fact that a Florida resident has contracted with a nonresident is insufficient in and of itself to establish automatically the minimum contacts necessary to confer personal jurisdiction on the nonresident.").[2] This same principle has also been applied to the failure of a guarantor to honor another's *1131 payment obligation in Florida. See Magic Pan International, Inc. v. Colonial Promenade, 605 So.2d 563, 566 (Fla. 5th DCA 1992); Holton v. Prosperity Bank of St. Augustine, 602 So.2d 659, 661-63 (Fla. 5th DCA 1992).
"The constitutional touchstone of the minimum contacts analysis is whether `the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426, 427 (Fla. 3d DCA 1989) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). In order for a non-resident defendant to reasonably anticipate such litigation in the forum state, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Burger King, 471 U.S. at 475, 105 S.Ct. 2174. "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties actual course of dealing ... must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum." Id. at 479, 105 S.Ct. 2174.
Florida courts recognize that when the failure to pay a debt owed in this state, whether as the primary obligor or guarantor, is accompanied by some other related substantial act in Florida that is purposefully directed toward the state or its residents, the exercise of personal jurisdiction over such nonresident defendants is proper. Thus, for example, where a nonresident defendant engages a Florida corporation to perform specific services on its behalf and then actively monitors such services and/or engages in the performance of the services in this state, the nonresident defendant has been found to be amenable to suit in Florida. See Industrial Cas. Ins. Co. v. Consultant Assoc., Inc., 603 So.2d 1355 (Fla. 3d DCA 1992); Ben Hogan Co. v. QDA Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990); see also Atlantis Marina & Yacht Club, Inc. v. R & R Holdings, Inc., 766 So.2d 1163 (Fla. 3d DCA 2000). Similarly, where a personal guaranty has been accompanied by some other significant or substantial activity, personal jurisdiction over the nonresident guarantor has been sustained. See, e.g., Nelson v. Ameriquest Technologies, Inc., 739 So.2d 161 (Fla. 3d DCA 1999) (nonresident guarantor's alleged breach of guaranty agreement pursuant to section 48,193(1)(g), Fla. Stat., coupled with parties' agreement that Florida would be venue for disputes, supported court's exercise of in personam jurisdiction); Hamilton v. Business Assistance Consortium, Inc., 602 So.2d 619 (Fla. 3d DCA 1992) (nonresident guarantor subject to personal jurisdiction in Florida on suit to collect under guaranties where guaranties were made in furtherance of an ongoing Florida business venture).
Substantial or pervasive contacts in a forum state confers general jurisdiction upon that state's courts. For example, a major corporation with many activities and facilities in a state would expect to be subject to suit there on any claim. On the other hand, specific jurisdiction occurs "when a state exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." See American Overseas Marine Corp. v. Patterson, 632 So.2d 1124, 1126 (Fla. 1st DCA 1994) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 411 n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)). "This kind of jurisdiction is often referred to as `connexity jurisdiction,' since it requires a causal connection between the defendant's activities in the forum state and the plaintiff's cause of action." American Overseas, 632 So.2d at 1127.
*1132 On this appeal, C.S. Engineered argues that because deMco has made sporadic sales to various Florida governmental entities, the appellants are amenable to personal jurisdiction in this state. The record discloses and C.S. Engineered properly concedes, however, that these transactions are unrelated to the promissory note being sued upon in this case. For that reason, this activity cannot provide the court below with the requisite specific jurisdiction.
C.S. Engineered next points to the choice of laws provision in the note requiring that it be construed in accordance with the law of Florida. We have held, however, that a choice of laws provision, without more, is insufficient to establish long-arm jurisdiction over a nonresident defendant. See DeMetra Hontzas v. Kaufman, Rossin & Co., 513 So.2d 745, 746 (Fla. 3d DCA 1987); see also Herman v. Sunset Commercial Bank, 481 So.2d 98 (Fla. 3d DCA 1986).
Stripped to its barest essence, C.S. Engineered seeks to have the lower court exercise personal jurisdiction over the appellees solely for their alleged failure to pay the promissory note in Florida. In accordance with our earlier holdings in Marsh, O'Brien, Alan Richard and Payless, the lower court may not do so. We therefore reverse the order under review with directions that the trial court dismiss this action without prejudice for C.S. Engineered to refile in the appropriate jurisdiction.
Reversed.
NOTES
[1] Section 48.193(1)(g) provides:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
[2] Consequently, C.S. Engineer's reliance upon decisions such as Sorokwasz v. Kaiser, 549 So.2d 1209 (Fla. 3d DCA 1989) and Gilbert v. Herne, 544 So.2d 226 (Fla. 3d DCA 1989), which were both decided prior to Venetian Salami, are simply misplaced.