561 So.2d 674 (1990)
GLOBAL SERVICIOS, S.A., Appellant,
v.
TOPLIS & HARDING, INC., et al., Appellees.
No. 90-248.
District Court of Appeal of Florida, Third District.
May 15, 1990.
Rehearing Denied June 22, 1990.
Robert J. Schaffer, Renaldy Gutierrez, for appellant.
Hayden & Milliken, P.A., Miami, and Jan M. Kuylenstierna, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and JORGENSON and LEVY, JJ.
PER CURIAM.
Global Servicios, S.A., [Global] appeals from a non-final order denying its motion to dismiss for lack of in personam jurisdiction or to quash service of process. For the following reasons, we reverse.
Global is a Colombian corporation with its principal place of business in Bogota, Colombia. Global contracted with Leonard Rubin in Colombia to pack and forward for transport various household goods. The goods were packed in Colombia by Global, flown to Miami by Lineas Aereas del Caribe [LAC], stored in Miami by Inter-American, and trucked to New Jersey by Pride Movers, Inc. Somewhere between Bogota and New Jersey the goods were damaged. Rubin's insurer paid him over $23,000 for the damage, and then, in a subrogation action, sued Global, Inter-American, and Pride Movers. Service was effected upon Global pursuant to section 48.161, Florida Statutes (1987). Global moved to dismiss the action on the grounds that it was not subject to the jurisdiction of a Florida court under Florida's long-arm statute, section 48.193, Florida Statutes. Global further alleged that plaintiff had failed to comply with the strict mandate of section 48.161 and that service was therefore defective.[1] The trial court denied the motion. Because Global did not engage in any of the acts enumerated in section 48.193, and because Global lacked the minimum contacts with *675 Florida necessary to subject it to the jurisdiction of a Florida court, we reverse.
Even though the parties conducted significant discovery on the question of Global's activities in Florida, the record fails to establish that Global had any contacts with Florida that meet the requirements of the long-arm statute or the due process requirements of the United States Constitution. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989) (to render nonresident defendant subject to jurisdiction of Florida court, statutory requirements of long-arm statute and minimum contacts requirement must be met). Global executed the contract with Rubin in Bogota and packed the goods in Bogota. Preparation of all shipping documents took place in Bogota. Because Miami is the port of entry for air cargo from Colombia, Global's contact with Florida was merely fortuitous and was made yet more tenuous by LAC's air transport of the goods from Bogota to Miami and by Inter-American's storage of the goods once they reached Miami.[2] The trial court, therefore, lacked jurisdiction over Global, and erred in denying Global's motion to dismiss for lack of personal jurisdiction. See Joyce Bros. Storage & Van Co. v. Piechalak, 343 So.2d 97 (Fla. 3d DCA 1977) (moving company that executed contract in Illinois, transported goods from Illinois to Florida but breached contract in Illinois by misstating value of goods not subject to jurisdiction of Florida court where company conducted and solicited no business in Florida and maintained no agent in Florida).
Reversed.
NOTES
[1] Instead of forwarding notice of service of process by registered or certified mail, the plaintiff sent Global notice in Bogota by DHL Worldwide Express. Because we reverse on the ground that the trial court lacked jurisdiction over Global, we do not reach the issue raised by plaintiff's questionable use of a private courier service to send notice of service of process.
[2] The record reveals no agency relationship between Global and Inter-American. Compare Hyco Mfg. Co. v. Rotex Int'l Corp., 355 So.2d 471 (Fla. 3d DCA 1978) (nonresident defendant who maintains agent in Florida subject to jurisdiction of Florida court).