PER CURIAM.
The appellee, Machinery Wholesalers Corp. [Machinery Wholesalers], brought an action against Avik Kaufman Investments, Inc. and Avik Kaufman. Machinery Wholesalers is a Florida corporation with its principal place of business in Miami, Florida. Thereafter, Machinery Wholesalers filed a second amended complaint which included counts against appellant, Alan Kaufman, for conspiracy to defraud Machinery Wholesalers, by operating a similar business in the State of Texas, and intentional interference with a business relationship, by soliciting business from Avik Kaufman and Avik Kaufman Investments. The second amended complaint alleges that all defendants are citizens or corporations of the State of Texas and that the business operated by Alan Kaufman is also located in Texas.[1]
Machinery Wholesalers sought to obtain jurisdiction of Alan Kaufman pursuant to section 48.193(1)(b), Florida Statutes (1989), which provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(b) Committing a tortious act within this state. In response, Alan Kaufman filed a motion to dismiss the second amended complaint for lack of in personam jurisdiction. The basis for the motion to dismiss was that Alan Kaufman is a citizen of the State of Texas, that there are no allegations which demonstrate sufficient contact with the State of Florida to impose long-arm jurisdiction, and that there are no allega *1227 tions that Alan Kaufman committed a tort within the State of Florida. The trial court denied the motion.
The appellant, Alan Kaufman, appeals the non-final order denying his motion to dismiss for lack of in personam jurisdiction. We reverse.
In order for a Florida court to acquire jurisdiction over a foreign defendant, the trial court must first ascertain whether the defendant’s complaint alleges sufficient jurisdictional facts to comply with Florida’s long-arm statute. See Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989); Ben M. Hogan Co., Inc. v. QDA Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990); Aetna Life & Casualty Co. v. Therm-O-Disc, Inc., 488 So.2d 83 (Fla. 1st DCA 1986), aff'd, 511 So.2d 992 (Fla.1987). Additionally, “due process requires that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Venetian Salami, 554 So.2d at 500 (citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)); Aetna Life, 488 So.2d at 86. “[T]he constitutional touchstone of the minimum contact analysis is whether ‘the defendant’s conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.’ ” Ben M. Hogan, 570 So.2d at 1350 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985)) (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)).
In the instant case, Machinery Wholesalers’ complaint fails to allege sufficient jurisdictional facts to comply with Florida’s long-arm statute. Machinery Wholesalers’ complaint alleges that Alan Kaufman opened a competing business in the State of Texas and that he solicited business from Avik Kaufman and Avik Kaufman Investments in the State of Texas. Additionally, the complaint alleges that as a result of Alan Kaufman’s actions, Machinery Wholesalers was deprived of revenues that would have been due to Machinery Wholesalers in the State of Florida. These allegations fail to demonstrate that Alan Kaufman committed a tort within the State of Florida.[2]
Accordingly, we reverse.

. This action stems from a franchise agreement between Machinery Wholesalers and Avik Kaufman Investments. In addition, Avik Kaufman also signed a personal guaranty. However, the appellant, Alan Kaufman, was neither a party to the franchise agreement nor signed the personal guaranty.

. Since we have determined that Machinery Wholesalers’ complaint fails to allege sufficient jurisdictional facts to comply with this state's long-arm statute, we do not need to address whether Machinery Wholesalers also failed to establish that Alan Kaufman had sufficient "minimum contacts” with the State of Florida.