603 So.2d 1355 (1992)
INDUSTRIAL CASUALTY INSURANCE COMPANY, Appellant,
v.
CONSULTANT ASSOCIATES, INC., etc., Appellee.
Nos. 92-1059, 92-1060.
District Court of Appeal of Florida, Third District.
August 18, 1992.
*1356 William Robert Leonard, Fort Lauderdale, for appellant.
Hickey & Jones, John H. Hickey and Amy R. Trotto, Miami, for appellee.
Before NESBITT, JORGENSON and GODERICH, JJ.
PER CURIAM.
The defendant, Industrial Casualty Insurance Company [Industrial Casualty], appeals from a non-final order denying its motion to abate for improper venue and from a non-final order denying its motion to dismiss for lack of personal and subject matter jurisdiction. We affirm.
Industrial Casualty, a foreign corporation, contacted the plaintiff, Consultant Associates, Inc. [Consultant Associates], a Florida corporation, in Florida regarding Consultant Associates performing data conversion services for Industrial Casualty. Consultant Associates wrote Industrial Casualty outlining the proposed project. Thereafter, Industrial Casualty wrote Consultant Associates at its office in Florida approving the data conversion project. Most, if not all, of Consultant Associates' services were performed in Florida. Additionally, payment for the services rendered was due in Miami Lakes, Florida.
Consultant Associates sued Industrial Casualty in Dade County, Florida, alleging, in part, that Industrial Casualty breached the contract by failing to pay Consultant Associates for the services rendered. Thereafter, Industrial Casualty filed a motion to abate for improper venue and a motion to dismiss for lack of personal and subject matter jurisdiction. The motions were denied. This appeal followed.
First, Industrial Casualty contends that the trial court erred in denying its motion to abate for improper venue. We disagree.
"Venue is proper for suits on contract or other obligations in the county where payment should have been made." Sheffield Steel Products, Inc. v. Powell Brothers, Inc., 385 So.2d 161 (Fla. 5th DCA), review denied, 392 So.2d 1378 (Fla. 1980); see also Windsor v. Migliaccio, 399 So.2d 65 (Fla. 5th DCA 1981); James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla.2d DCA 1970); § 47.051, Fla. Stat. (1991). In the instant case, the complaint alleges that Industrial Casualty breached the contract by failing to pay Consultant Associates for services it performed. Payment was due at Consultant Associates' office in Miami Lakes, Florida. Thus, venue is proper in Dade County, Florida.
*1357 Second, Industrial Casualty contends that the trial court erred in determining that it had personal jurisdiction over Industrial Casualty. We disagree.
In the instant case, the complaint alleges that Industrial Casualty breached the contract in Florida by failing to pay Consultant Associates for services it rendered. We find that the complaint alleged sufficient jurisdictional facts to bring this action within Florida's long arm statute. See § 48.193(1)(g), Fla. Stat. (1991); see also Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989); Pellerito Foods, Inc. v. American Conveyors Corp., 542 So.2d 426 (Fla.3d DCA 1989).
Next, we must determine whether Industrial Casualty has had sufficient minimum contacts with Florida to satisfy due process requirements. "[T]he constitutional touchstone of the minimum contact analysis is whether `the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.'" Ben M. Hogan Co., Inc. v. QDA Investment Corp., 570 So.2d 1349 (Fla.3d DCA 1990) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528, 542 (1985)) (quoting World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980)).
In the instant case, the allegations in the complaint and the averments in the affidavits that were filed by the parties in connection with the motion to dismiss, establish that Industrial Casualty contracted with a Florida corporation; that most, if not all, of the services were performed in Florida; and that payment was due in Florida. Under the circumstances, Industrial Casualty has had sufficient minimum contacts with Florida to subject it to the jurisdiction of Florida courts. There can be no doubt that the Industrial Casualty "availed itself of the privilege of conducting business in Florida." Ben M. Hogan, 570 So.2d at 1351. Accordingly, the non-final order denying Industrial Casualty's motion to dismiss is affirmed.
Affirmed.