696 So.2d 1207 (1997)
MARSH SUPERMARKETS, INC., an Indiana corporation, Appellant,
v.
The QUEEN'S FLOWERS CORP., a Florida corporation d/b/a The Queen's Flowers, Appellee.
No. 96-2504.
District Court of Appeal of Florida, Third District.
May 21, 1997.
Rehearing Denied July 30, 1997.
Gilbride, Heller & Brown, P.A., and Dyanne E. Feinberg, and Michael Winston, Miami, for appellant.
Robert L. Gardana, and Jay M. Levy, Miami, for appellee.
Before LEVY, GREEN and SHEVIN, JJ.
GREEN, Judge.
Marsh Supermarkets, Inc. ("Marsh") an Indiana corporation, appeals a non-final order denying its motion to dismiss for lack of personal jurisdiction. We reverse upon our determination that Marsh's contacts with the state of Florida are insufficient to satisfy the constitutional due process test of minimum contacts requirements.
Marsh was sued in Dade County, Florida by appellee, the Queen's Flowers Corporation ("Queens"), a Florida flower importer and vendor. The action was for goods sold, open account, and account stated. Marsh moved to dismiss this action for lack of personal jurisdiction. According to the undisputed record evidence, Marsh is incorporated in the state of Indiana and operates retail supermarkets in the states of Ohio and Indiana. It is not registered to do business in the state of Florida nor does it have offices in Florida. Moreover, it maintains no bank accounts, post office box, telephone or mail drops in Florida. Marsh's sole contacts with the state of Florida consist of its purchases of goods from a few Florida vendors such as Queens.
Between January 1, 1994 and February 28, 1995, Marsh placed 105 orders with Queens for the purchase of flowers for a total cost of approximately $943,020.00. Queens did not solicit Marsh's business, rather, Marsh initiated each transaction by faxing its order to Queens in Florida. The terms of the sales were F.O.B. Miami. Queens required payment for all flowers purchased by Marsh to be made in Miami. Marsh retained the services of a carrier to pick up the flowers *1208 purchased in Miami and to transport them back to Indiana.
When Marsh allegedly failed to make payments for some of the flowers ordered, Queens instituted this action. Queens alleged that the court below had jurisdiction over Marsh pursuant to sections 48.193(1)(a) and (2)[1] of Florida's long-arm statutes (1993). Marsh filed its motion to dismiss for lack of personal jurisdiction wherein it argued that its minimum contacts with the state of Florida were insufficient to support the court's exercise of long-arm jurisdiction in Florida. The trial court denied this motion based upon its finding, among other things, that Marsh's continuous and systematic purchases of goods within this state's borders were sufficient to comport with the constitutional due process requirements such that it could reasonably anticipate being haled into court here. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)(citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)). We disagree.
In Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500-01 (Fla.1989), our supreme court held, among other things, that the minimum contacts requirements for purposes of due process were not embodied within Florida's long-arm jurisdiction statute. Consequently, in determining whether in personam jurisdiction lies over a foreign defendant, courts must determine whether there has been compliance with both Florida's long-arm statute and the constitutional due process test of minimum contacts. Without question, Marsh's purchases of goods within this state are sufficient to bring it within the ambit of sections 48.193(1)(a) and (2) of Florida's long-arm jurisdiction statute. Thus, the sole question before us is whether Marsh's mere purchases of goods within this state are likewise sufficient to comport with the constitutional due process requirements.
In Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923), the United States Supreme Court indicated that it was not. In Rosenberg, the defendant was a small Oklahoma men's clothing retailer which purchased a large portion of its merchandise from New York wholesalers. The defendant had no license to do business in New York, nor had it ever authorized suit to be brought against it there. It never had an established place of business in New York and never regularly carried on business within that state. Its sole connection with New York was its regular purchases of merchandise, sometimes made by correspondence and sometimes made by its officers when visiting New York. The Supreme Court concluded that: "[v]isits on such business, even if occurring at regular intervals, would not warrant the inference that the corporation was present within the jurisdiction of [New York]." Id. at 518, 43 S.Ct. at 171. Subsequently, the Supreme Court has steadfastly denied certiorari of each case which has squarely attempted to have the Court readdress its holding in Rosenberg.[2]
*1209 In Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418, 104 S.Ct. 1868, 1874, 80 L.Ed.2d 404 (1984), while the court reaffirmed that "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a non-resident corporation," it curiously added "in a cause of action not related to those purchase transactions." Helicopteros, 466 U.S. at 418, 104 S.Ct. at 1874. Although this qualifying language suggested that the Court was receding somewhat from Rosenberg, the Court specifically declined to so state:
This Court in International Shoe [Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] cited Rosenberg for the proposition that the "the commission of some single acts of the corporate agent in a state sufficient to impose an obligation or liability on the corporation has not been thought to confer upon the state authority to enforce it." 326 U.S., at 318, 66 S.Ct., at 159. Arguably, therefore, Rosenberg also stands for the proposition that mere purchases are not a sufficient basis for either general or specific jurisdiction. Because the case before is one in which there has been an assertion of general jurisdiction over a foreign defendant, we need not decide the continuing validity of Rosenberg with respect to an assertion of specific jurisdiction, i.e., where cause of action arises out of or relates to the purchases by the defendant in the forum State. (Emphasis added).
Id. at 418, n. 12, 104 S.Ct. at 1874, n. 12.
Our court has consistently adhered to Rosenberg's reasoning and found the mere purchase of goods within the state of Florida by a non-resident without more, to be insufficient to satisfy the due process requirements of minimum contacts. See O'Brien Glass Co. v. Miami Wall Systems, Inc., 645 So.2d 142, 144 (Fla. 3d DCA 1994) (the mere fact that non-resident defendant ordered goods from a Florida corporation and that payment was due in Florida does not render it amenable to suit in Florida); Alan Richard Textiles, Ltd. v. Vertilux, Inc., 627 So.2d 529, 530 (Fla. 3d DCA 1993) (the fact that the non-resident defendant consistently ordered goods from a Florida corporation over a fifteen month period in Florida, standing alone, deemed insufficient to obtain jurisdiction over non-resident defendant); Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc., 615 So.2d 249, 250 (Fla. 3d DCA 1993) (finding non-resident's failure to pay for two orders of merchandise from Florida vendor is insufficient to establish minimum contacts with Florida). Consistent with these decisions, we similarly hold in this case that Marsh's purchases from a Florida vendor and its alleged failure to make payment for the same in this state is insufficient to establish minimum contacts with Florida so as to allow it to be sued in Florida.
Contrary to Queen's assertion, our decisions in Industrial Casualty Insurance Co. v. Consultant Assocs., Inc., 603 So.2d 1355 (Fla. 3d DCA 1992) and Ben M. Hogan Co. v. Q.D.A., Investment Corp., 570 So.2d 1349 (Fla. 3d DCA 1990) do not dictate a contrary holding. As Marsh correctly points out, both of these cases involved non-resident corporations who engaged Florida corporations to perform specific services on their behalf and then actively monitored such services and/or otherwise engaged themselves in the performance of the services in the state of Florida. Under such circumstances, we held that the non-resident defendants were amenable to suit in Florida because they had essentially availed themselves of the privilege of conducting business in Florida. Here, on the other hand, there are no allegations that Marsh had any active participation in Queen's flower business. Marsh's sole relationship with Queens, as well as with other vendors in the state of Florida, was that of a purchaser. Under such circumstances, we believe that our previous holdings in O'Brien, Alan Richard, and Payless thus control this case.
For these reasons, we reverse the order under review with directions that the trial court dismiss this action without prejudice to Queens to refile it in an appropriate jurisdiction.
Reversed.
NOTES
[1] These sections of the statute provide in relevant part that:

1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
....
(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.
[2] See Mouzavires v. Baxter, 434 A.2d 988 (D.C.App.1981), cert. denied, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982); Nicholstone Book Bindery, Inc., v. Chelsea House Publishers, 621 S.W.2d 560 (Tenn.S.C.1981), cert. denied, 455 U.S. 994, 102 S.Ct. 1623, 71 L.Ed.2d 856 (1982); Lakeside Bridge & Steel Co. v. Mountain State Const. Co., 597 F.2d 596 (7th Cir.1979), cert. denied, 445 U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980); Iowa Electric Light and Power Co. v. Atlas Corp., 603 F.2d 1301 (8th Cir.1979), cert. denied, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980).