695 So.2d 919 (1997)
EMPIRE INDUSTRIES, INC., Appellant,
v.
Edwin KAPLAN and Joan Kaplan, as Partners of Ed Kaplan Associates, a New Jersey General Partnership, Appellees.
No. 96-3435.
District Court of Appeal of Florida, Fourth District.
June 25, 1997.
*920 Andrew K. Fein of Bloch & Minerley, P.L., Boca Raton, for appellant.
Robert Weinberger of Cohen, Chernay, Norris, Weinberger & Harris, North Palm Beach, for appellees.
SHAHOOD, Judge.
Empire Industries, Inc. ("Empire"), a toy distributor doing business in Palm Beach, entered into an agreement with Edwin Kaplan and Joan Kaplan ("the Kaplans"), marketers of toy concepts whose principal place of business and residence is in New Jersey. Pursuant to the agreement, Empire agreed to market "Magic Move Puppies and Kittens" and pay royalties equal to 6% of net sales to the Kaplans. Empire gave the Kaplans a $50,000 advance payment against royalties, and the parties agreed to "negotiate in good faith the terms of a complete license agreement within 60 days." The parties met in Florida several times to negotiate the license agreement, and Joan Kaplan came to Empire's research and development office in Florida to work on a prototype of the toy. When the parties could not agree to the terms of the licensing agreement, and the time for doing so had expired, Empire sought return of the $50,000.
The Kaplans refused to return the money, and Empire filed this lawsuit. The trial court dismissed Empire's complaint for lack of personal jurisdiction. We reverse because the evidence supports the exercise of jurisdiction over the Kaplans pursuant to section 48.193(1)(a), Florida Statutes (1995), Florida's Long-Arm Statute.
Section 48.193(1)(a) provides:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
In Naviera Mayaca Exp. S. de R.L. v. Brauer & Associates, Inc., 559 So.2d 1230 (Fla. 3d DCA 1990), it was held that where the defendant, an insurance broker, had had extensive business correspondence with the plaintiff concerning the procurement of insurance and servicing of the account, and had on one occasion met with the plaintiff in Florida regarding renewal of the policy, jurisdiction under section 48.193(1)(a) was proper. See also Sutton v. Smith, 603 So.2d 693 (Fla. 1st DCA 1992)(Florida court had personal jurisdiction over defendant residing in Michigan because written sponsorship agreement which was executed with an athlete in Florida and contemplated significant performance in Florida created a joint business venture.)
In this case, the letter agreement clearly establishes a business venture to develop and *921 market a toy product. It does not contain terms of contingency based on the yet unexecuted license agreement. In addition to an agreement establishing a business venture, which contemplated development and marketing of a toy product in Florida, the case for compliance with the long-arm statute is even stronger because of the fact that the Kaplans travelled to Florida several times to negotiate the contract, sent artwork to Florida for approval, and assisted Empire's research and development team in constructing prototypes in Florida. Under these facts, we conclude that the Kaplans entered into a business venture sufficient to bring them within the long-arm jurisdiction of Florida, and they have had sufficient minimum contacts in Florida to satisfy due process requirements. See Industrial Cas. Ins. Co. v. Consultant Assocs., Inc., 603 So.2d 1355 (Fla. 3d DCA 1992)(defendant could reasonably anticipate being haled into court in Florida where it had contracted with a Florida corporation, all of the services were to be performed in Florida, and payment was due in Florida.)
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.