PER CURIAM.
Santaro Industries, Inc. [“Santaro”] appeals the non-final order of the Orange County Circuit Court denying its motion to dismiss Gencor Industries, Inc.’s, [“Gen-cor”], complaint for lack of personal jurisdiction.
The dispute arises out of a contract for the purchase and assembly of asphalt manufacturing equipment, otherwise known as an “asphalt plant.” Plaintiff below, Gen-cor, is a Delaware corporation authorized to do business in Florida, with its principal place of business in Orange County. Gen-cor manufactures and sells industrial equipment, such as asphalt plants and soil remediation units. Santaro is a New York corporation with its principal place of business in New York.
In January 1998, Michael Santaro contacted various manufacturers, including Gencor in Florida, about the purchase of an asphalt plant. Gencor submitted a fifty-six page proposal that included Florida choice of law and forum provisions. Ultimately, although it never executed the long-form proposal, Santaro ordered the asphalt plant from Gencor, which Gencor delivered to Santaro in New York. Gen-cor’s invoice was in the amount of $1,994,-074.00, $78,618.00 more than the price quoted in the proposal. Santaro paid Gen-cor the amount stated in the proposal, but not the disputed additional amount. Between July 2, 1998, and April 6, 1999, on three occasions, Santaro ordered additional parts costing $2,715.52 from Gencor’s facility in Florida. Each of Gencor’s invoices provided the transaction would be governed by Florida law.
On May 14, 1999, Madison Highway Products [“Madison”], a company related to Santaro,[1] sued Gencor for misrepresentation, breach of contract, and breach of warranty of merchantability in the Supreme Court of New York, Onondaga County. Gencor moved for dismissal but the New York court denied Gencor’s motion and determined New York would retain jurisdiction over the action.
Thereafter, on July 28, 1999, Gencor filed suit in Orange County Circuit Court, claiming Santaro was liable for breach of contract, account stated, and quantum me-ruit, and seeking damages of $89,039.53. Santaro filed a motion to dismiss Gencor’s Florida suit for lack of personal jurisdiction. The trial court conducted a non-evidentiary hearing. At the hearing, San-taro conceded the first step of the required two-step analysis under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), for determining personal jurisdiction in Florida over a non-resident:
[Santaro’s Counsel]: As far as the legal aspect of it, obviously we’re here on personal jurisdiction grounds. The controlling law on that is a Florida Supreme Court case, Venetian Salami versus Par-thenais, which is a tried-and-true case.... And it basically sets out the procedural aspects to challenge personal jurisdiction in Florida The first element is to challenge the pleading itself, whether the pleading of their complaint has alleged sufficient jurisdictional facts.
In this case, your honor, there are facts alleged that talk about the breach of contract which was supposed to be performed in Florida. Of course, we deny those. But we do feel that there were facts alleged in the complaint sufficient to withstand the first element.
In dispute, however, was whether Santaro had sufficient minimum contacts within Florida.
On December 14, 1999, the trial court entered an order denying Santaro’s motion to dismiss. The trial court found that “the parties had a substantial course of dealing” which met the “minimum contacts requirement” of Venetian Salami Co. The main issue presented is whether the one-time purchase of an asphalt plant and three subsequent parts orders meet the test of Venetian Salami. This case presents a close question on the issue of minimum contacts. The transaction was initiated by *1196 Santaro’s contact with Gencor in Florida; the asphalt plant and subsequently ordered parts were manufactured in Florida and payment was due in Florida; there were detailed choice of Florida law and forum clauses in Gencor’s proposal and invoices. Even if the proposal was unexe-cuted, all of these factors support the lower court’s conclusion that Santaro’s contacts with Florida were such that Santaro should reasonably have anticipated being haled into a Florida court. We cannot say the lower court erred.
AFFIRMED.
COBB, W. SHARP, and GRIFFIN, JJ., concur.

. Santaro asserts it was acting as agent for Madison.