832 So.2d 822 (2002)
ALUMINATOR TRAILERS, L.L.C., Appellant,
v.
LOADMASTER ALUMINUM BOAT TRAILERS, INC., Appellee.
No. 2D02-1158.
District Court of Appeal of Florida, Second District.
November 8, 2002.
Rehearing Denied December 31, 2002.
*823 Michael R. Carey and David M. Pearce of Carey, O'Malley, Whitaker & Manson, P.A., Tampa, for Appellant.
J. Stanford Lifsey, Tampa, for Appellee.
ALTENBERND, Judge.
Aluminator Trailers, L.L.C. (Aluminator), a Texas corporation, appeals the trial court's denial of its motion to dismiss for lack of personal jurisdiction. Loadmaster Aluminum Boat Trailers, Inc. (Loadmaster), sued Aluminator alleging that Aluminator did not pay for boat trailers that Loadmaster manufactured and sold to Aluminator in Florida for resale in Texas. Although Aluminator's failure to pay for these trailers would arguably constitute a breach of contract in Florida, subjecting it to jurisdiction under section 48.193(1)(g), Florida Statutes (2000), case law clearly establishes that the mere purchase of goods in Florida does not establish the minimum contacts necessary to satisfy due process under the United States Constitution. See Rosenberg Bros. & Co. v. Curtis Brown Co., 260 U.S. 516, 518, 43 S.Ct. 170, 67 L.Ed. 372 (1923); Marsh Supermarkets, Inc. v. The Queen's FS Corp., 696 So.2d 1207, 1208 (Fla. 3d DCA 1997) (discussing Rosenberg Bros., 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372); O'Brien Glass Co. v. Miami Wall Sys., Inc., 645 So.2d 142, 144 (Fla. 3d DCA 1994). Accordingly, we must reverse the trial court's order.
Aluminator is a Texas limited liability company that sells boat trailers in Texas. Between May 1998 and November 2000, Aluminator regularly purchased aluminum boat trailers from manufacturers in Florida, including approximately seven to fourteen trailers per week from Loadmaster. On most occasions, Loadmaster arranged for independent truck drivers to deliver the trailers to Texas. On three occasions, however, Aluminator's corporate officers entered Florida to carry the goods to Texas. Aluminator is not registered to do business in Florida. It does not maintain offices, bank accounts, a post office box, a telephone, or mail drops in Florida. Thus, with the possible exception of this interstate commerce in boat trailers, Aluminator has done nothing to subject itself to the jurisdiction of a Florida court.
Loadmaster understands that before a Florida court may exercise personal jurisdiction over a foreign defendant, due process must be satisfied regardless of whether Florida's long-arm jurisdiction statute applies. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500-01 (Fla. 1989); see Burger King v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). It also understands the well-established rule that mere purchases of goods in the forum state, even accompanied by occasional visits to the forum in connection with the purchases and even when the purchases are extensive, are not sufficient minimum contacts to satisfy the test of due process. See Marsh Supermarkets, 696 So.2d at 1207-09.
To overcome these obstacles, Loadmaster argues that three additional contacts between the parties in this case justify the exercise of personal jurisdiction. First, Loadmaster suggests that the outcome should be different because payment for the boat trailers was due in Florida. Obviously, Loadmaster could have maintained possession of these trailers in Florida *824 until paid or could have arranged for cash on delivery. It did not. The fact that the payment for the trailers was ultimately to be made in Florida after the trailers were delivered does not justify Florida's exercise of jurisdiction. See Christus St. Joseph's Health Sys. v. Witt Biomedical Corp., 805 So.2d 1050, 1054 (Fla. 5th DCA 2002).
Second, Loadmaster points out that it modified the trailers it built for Aluminator by affixing a small decal that bore Aluminator's corporate logo, phone number, and the words, "Aluminator by Loadmaster." Aluminator did not, however, actively supervise the placement of the decals. Loadmaster placed similar logos on trailers for other customers. Loadmaster's willingness to customize its product in this limited manner to satisfy a customer in Texas does not represent Aluminator's reaching into Florida to avail itself of Florida's benefits. See Marsh Supermarkets, 696 So.2d at 1209.
Finally, the parties negotiated the terms of an agreement for Aluminator to become Loadmaster's exclusive dealer in Texas, but they never executed the agreement. Although negotiations and contemplated future consequences are evidence of minimum contacts, Burger King, 471 U.S. at 479, 105 S.Ct. 2174, due process in this case is not satisfied because the dealership agreement was not executed or carried out in any form. Moreover, the unexecuted document contained a Texas choice-of-law provision, and no documents with a Florida choice-of-law provision or forum selection clause were exchanged. Cf. Santaro Indus., Inc. v. Gencor Indus., Inc., 766 So.2d 1194, 1195 (Fla. 5th DCA 2000) (finding minimum contacts when foreign corporation negotiated purchase agreement containing Florida choice-of-law provision, purchased goods without executing agreement, and received invoices providing that disputes would be resolved under Florida law).
We reverse the order under review with directions that the trial court dismiss the action without prejudice to any right Loadmaster might have to refile in Texas or some other appropriate jurisdiction.
Reversed and remanded.
NORTHCUTT and SALCINES, JJ., concur.