PER CURIAM.
Appellant, who is not a resident of Florida, is the defendant in a lawsuit brought by the appellee, a provider of nursing services to appellant’s mother, a resident of Broward County. Appellant moved to dismiss based on lack of personal jurisdiction because she is a non-resident, but the trial court denied her motion to dismiss.
We affirm, concluding that appellant’s activities, which included coming to Florida, making payment in Florida for past nursing services, and agreeing to make payment in Florida for future nursing services, were sufficient to subject her to long-arm jurisdiction under section *350 48.193(1)(g), Florida Statutes (2001). See Stomar, Inc. v. Lucky Seven Riverboat Co., L.L.C., 821 So.2d 1183 (Fla. 4th DCA 2002); Indus. Cas. Ins. Co. v. Consultant Assocs., Inc., 603 So.2d 1355 (Fla. 3d DCA 1992). Appellant’s activities in Florida were also such that she could reasonably anticipate being hailed into court in Florida. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).
POLEN, C.J., KLEIN and GROSS, JJ., concur.